IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE MARTEL,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant.              / | No. C 11-02961 CRB<br><br>**ORDER DENYING MOTION TO DISMISS** |

In this Social Security case, Petitioner Natalie Martel seeks an order from this Court reversing the Commissioner of Social Security's final decision to deny supplemental security benefits. See Compl. (dkt. 1). The Commissioner has filed a Motion to Dismiss, see Mot. (dkt.14), and attached the Declaration of Robert Weigel, see Weigel Decl. (dkt. 14).[1] Petitioner has filed an Opposition. See Opp'n (dkt. 16). Because the Court concludes that Petitioner's current action is a continuation of a previous case before Judge Marilyn H. Patel, it finds that the case is not time-barred as the Commissioner alleges, and therefore DENIES the Motion to Dismiss.

**I.    PROCEDURAL BACKGROUND**

Petitioner originally filed for supplemental security benefits on November 16, 2005. Weigel Decl. Ex. 1A. The Commissioner denied her claim initially on June 21, 2006, and

---

[1] Robert Weigel is the Chief of Court Case Preparation and Review Branch 1, Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Weigel Decl. His declaration includes the procedural history of Petitioner's Social Security claim.

upon reconsideration on August 28, 2007. Id. Petitioner appealed the Commissioner's decision, and Administrative Law Judge ("ALJ") Thomas P. Tielens heard the appeal on December 4, 2008. Id. The ALJ found Petitioner "not disabled" in his written decision of April 8, 2009. Id. Petitioner timely requested review, but the Appeals Council denied her request on September 18, 2009, making the ALJ's decision the final decision of the Commissioner. Mot. at 2; Weigel Decl. Ex. 2. The "Notice of Appeals Council Action" informed Petitioner that she had sixty days from September 23, 2009, to file a civil action. Weigel Decl. at ¶ 3(a); Weigel Decl. Ex. 2.

Petitioner filed a civil action (hereinafter "Case 1") on October 29, 2009, within the sixty-day limitation to appeal. See Martel v. Astrue, No. 09-cv-05141-MHP (dkt. 1) (N.D. Cal.); see also Weigel Decl., Ex. 2. The same day, the Clerk of Court entered a "Procedural Order for Social Security Review Actions," which described Civil Local Rule 16-5 (pertaining to filing deadlines). Case 1 at dkt. 3. The Commissioner filed a timely Answer to Petitioner's Complaint on September 8, 2010. Id. at dkt. 12. As the procedural order outlined, Petitioner had twenty-eight days from receipt of the Commissioner's Answer to file a motion for summary judgment. Civil L.R. 7-2, 16-5; see also Fed. R. Civ. P. 56(b). On May 17, 2011, Judge Patel dismissed the case without prejudice pursuant to Federal Rule of Civil Procedure 41(b), noting that Petitioner had not yet filed a motion for summary judgment and thus had failed to prosecute her claim or comply with Civil Local Rule 16-5. Case 1 at dkt. 21.[2]

Petitioner filed the present action (hereinafter "Case 2") on June 16, 2011. Compl. at 2; Opp'n at 1. She claims that this case is "a continuation of a prior filing against the Commissioner" because it "challenges the April 8, 2009 denial after hearing of her

---

[2] Although Petitioner failed to file a motion for summary judgment, she filed two declarations on October 9, 2010, which allege that ALJ Tielens had recently been investigated for general bias against another client of Mr. Sammis, who represented Petitioner. Declaration of Ian M. Sammis (Case 1 at dkt.15); Declaration of Andrew Ragnes (Case 1 at dkt. 17). Petitioner, now represented by different counsel, argues that Mr. Sammis "could have reasonably believed that he could not move for summary judgment before the Court determined the admissibility of his proffered biased evidence," and thus mistakenly failed to comply with Civil L.R. 16-5. Opp'n at 2 n.1. This argument is supported by Petitioner's April 13, 2011, submission of a 120 day notice pursuant to Civil L.R. 7-13. See Case 1 at dkt. 20. Petitioner's failure to prosecute appears inadvertent.

2

1 application for SSI benefits," as did Case 1.[3]  Opp'n at 1.  However, the Commissioner takes
2 the position that Case 2 is entirely separate from and independent of Case 1.  See Mot. at 2
3 n.1.  The Commissioner states that, because Petitioner did not request an extension of the 60-
4 day deadline, Weigel Decl. at ¶ 3(b), her new June 16, 2011, civil action is time-barred.  Mot.
5 at 5.  Accordingly, the Commissioner has filed a Motion to Dismiss under Rule 12(b)(6),
6 claiming that Petitioner "failed to state a claim upon which relief can be granted."  Mot. at 1;
7 see Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

In Social Security cases, individuals may appeal the final decision of the Commissioner in district court.  42 U.S.C.A. § 405.  An individual has sixty days after receiving notification of the Commissioner's decision in which to file a civil action or to request an extension from the Social Security Administration.  Id. at § 450(g); Mot. at 2.  If additional time is requested, the decision to extend the 60-day limitation is granted solely to the Commissioner and is not subject to judicial review.  20 C.F.R. § 404.903(j); see also Matlock v. Sullivan, 908 F.2d 492, 493-94 (9th Cir. 1990).

The Supreme Court has recognized that the 60-day "statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually."  Bowen v. City of New York, 476 U.S. 467, 481 (1986).  However, the Court also noted that applicants for Social Security benefits are entitled to a "fair and neutral procedure required by the statute and regulations," although such treatment may result in "administrative inconvenience" to the government.  Id. at 487.

A defendant in a civil action may bring a motion to dismiss under Rule 12(b)(6) when (s)he alleges that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." A complaint need not delve into "detailed factual allegations" to clear the Rule 12(b)(6) hurdle, but a plaintiff's allegations "must be enough to raise a right to relief above the

---

[3] Petitioner's claim that Case 1 and Case 2 are related was originally included in her Complaint and is reiterated in her Opposition to the Commissioner's Motion.  See Compl. at ¶ 4.

United States District Court
For the Northern District of California

speculative level on the assumption that all of the complaint's allegations are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).

## III. DISCUSSION

Analysis of the Commissioner's Motion is best done in three sequential steps: First, this Court must consider whether Case 2 is separate from, or a continuation of, Case 1. If the cases are independent of each other, then the Commissioner's position that the present action is time-barred should prevail and his Motion should be granted. If, instead, Case 2 is a continuation of Case 1, the Court would proceed to the next step. Second, the Court must determine whether Petitioner's June 16, 2011 filing of Case 2 was timely relative to Judge Patel's dismissal without prejudice. If Petitioner re-filed within an appropriate window, then the Commissioner's Motion should be denied. But if Petitioner's filing of Case 2 was untimely, the Court would proceed to the third and final step. Third, if applicable, the Court would decide whether the statute of limitations should be tolled. If it should, then the Motion should be denied; if it should not, the Motion should be granted.

### A. The two cases are substantially related

On March 6, 2012, Petitioner submitted an administrative motion requesting that the Court relate Case 1 and Case 2. Case 1 at dkt. 22. Judge Patel, who had presided over Case 1, declined to relate the cases. See id. at dkt. 24. However, Judge Patel's March 15, 2012, order did not go so far as to state that Case 1 and Case 2 are not related. See id. Instead, it stated, "This judge is accepting no new assignment of cases." Id. Accordingly, the order is simply administrative, not a determination that Case 1 and Case 2 are substantively unrelated. This Court considers the standard outlined in Local Rule 3-12 to determine whether Case 2 is separate from or a continuation of Case 1.[4] Civil Local Rule 3-12 states that cases are related when the "actions concern substantially the same parties, property, transaction or event" and that considering them separately would likely result in "an unduly burdensome duplication of labor and expense." Civil L.R. 3-12(a). Because Judge Patel is

---

[4] Petitioner cited Civil Local Rule 3-12 in her original Motion to Relate the cases. Case 1 at dkt. 22. Because Judge Patel's order appears to be more administrative than substantive, it is appropriate for this Court to consider the same standard outlined in Civil L.R. 3-12.

4

no longer accepting additional cases, see Case 1 at dkt. 24, this Court cannot avoid "burdensome duplication of labor and expense" and need not consider the second prong of the test. Nonetheless, Case 1 and Case 2 do, "concern substantially the same parties, property, transaction or event"–namely, the Commissioner's final decision to deny Petitioner's November 16, 2005, application for benefits under the Social Security Act. Civil L.R. 3-12(a); see also Case 1 at dkt. 22.

Because the Court concludes that Case 1 and Case 2 are substantially related, it next considers the timeliness of Petitioner's present action.

### B. Case 2 was timely filed

Following Judge Patel's dismissal without prejudice of Case 1 on May 17, 2011, Petitioner filed the Complaint in Case 2 thirty days later, on June 16, 2011. See Case 1 at dkt. 21; Compl. This Court routinely grants parties thirty, sixty, or even ninety days to get papers on file. Not only was Petitioner's refiling within the shortest of this Court's typical windows, but it was accomplished despite Petitioner's having to retain new counsel upon the death of her former attorney, who passed away twelve days after Judge Patel's dismissal.[5] See Opp'n at 2. Hence, Petitioner's action, filed within thirty days of dismissal, is entirely appropriate and not time-barred as the Commissioner alleges.[6] See Mot. at 4.

Moreover, Judge Patel's dismissal without prejudice clearly invited Petitioner to refile her action. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001) (holding that "[t]he primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). If the May 17, 2011, order essentially reset Petitioner's 60-day period to file a civil action, then her June 16, 2011, Complaint is all the more timely. 42 U.S.C.A. § 405(g); see Case 1 at dkt. 21; Compl.

---

[5] Petitioner's attorney from Case 1, Mr. Sammis, passed away on May 29, 2011. Compl. at ¶ 4. Petitioner retained separate council and filed the present action, Case 2, on June 16, 2011, only eighteen days after Mr. Sammis's death and within thirty days of Judge Patel's order dismissing Case 1 without prejudice. Id.

[6] Because Petitioner refiled her current action well within this Court's frequently-recognized window, the Court need not reach the issue of equitable tolling. See Mot. at 4-5; see also Opp'n at 2-3.

5

## IV. CONCLUSION

The Commissioner's argument that Case 2 is not related to Case 1 fails. Petitioner's current action "concern[s] substantially the same parties, property, transaction or event" as the previous case–namely, the Commissioner's September 18, 2009, final decision to deny her application for Social Security benefits. See Civil L.R. 3-12. Further, Petitioner filed her Complaint in Case 2 only thirty days after Judge Patel's *sua sponte* dismissal without prejudice. See Compl.; Case 1 at dkt. 21. Thus, her present civil action is not time-barred, as the Commissioner alleges. See Mot. at 4.

Accordingly, the Commissioner's Motion to Dismiss is DENIED. Pursuant to Civil Local Rule 16-5, the Court further REQUIRES Petitioner to file a Motion for Summary Judgment within twenty-eight (28) days of this order.

**IT IS SO ORDERED.**

Dated: June 7, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE