IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATALIE MARTEL,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security

    Defendant.

No. CV 11-02961- CRB

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

In this Social Security case, Plaintiff Natalie Martel seeks attorneys' fees under the Equal Access to Justice Act ("EAJA") following this Court's remand of her supplemental security income ("SSI") case for further consideration. Because the Social Security Commissioner does not contest the substantial justification of the original action, and the fees sought by Plaintiff are largely reasonable, Plaintiff's motion is GRANTED, as explained below.

## I. BACKGROUND

This case stems from Plaintiff's appeal of the Social Security Administration's denial of her application for disability benefits. In earlier proceedings before the Court, Plaintiff argued that the Administrative Law Judge ("ALJ") incorrectly found that Plaintiff was not disabled by improperly discrediting Plaintiff's treating doctors, improperly discrediting Plaintiff's testimony, and failing to consider relevant evidence. MSJ Order (dkt. 34). This

1 Court granted summary judgment for Plaintiff on March 25, 2013, and remanded the case for
2 reconsideration. Id. Plaintiff now seeks attorneys' fees under the EAJA for time spent
3 appealing the ALJ's decision. Mot. Fees (dkt. 37). In response to the Court's order seeking
4 clarification, Plaintiff provided the Court with an updated version of her requested fees,
5 which fixed "pernicious arithmetic errors" found in the original Motion for Fees. See
6 Response (dkt. 53) at 1.[1]

## II. LEGAL STANDARD

A court shall award a prevailing party its fees and expenses in an action against the United States unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is substantially justified if it is justified to a point that could satisfy a reasonable person, i.e., it has a reasonable basis in law or fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988). It is the Commissioner's burden to show that her position was justified as to the issue upon which the court remanded. Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995). The starting point for determining whether a fee is reasonable is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The applicant must exercise "billing judgment," i.e., the fees must be for services for which a private client would pay. Hensley, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff moves for a total fee amount of $12,151.80. See Response at 1. Defendant does not contest the issue of substantial justification. See Opp'n (dkt. 41) at 2 ("The Commissioner opposes Plaintiff's EAJA Motion because the fees requested are unreasonable."). Thus, this Court only considers whether Plaintiff's attorneys' fees request is reasonable.

---

[1] Plaintiff's supplemental briefing remedied some of the Court's concerns about certain fee calculations and questionable entries.

### A. Plaintiff's Attorneys' Fees Request is Largely Reasonable

Upon passage, the EAJA established an hourly rate of $125 per hour in cases of this type, subject to upward cost-of-living increases. See Thangaraja v. Gonzalez, 428 F.3d 870, 876-77 (9th Cir. 2005). Plaintiff claims an hourly rate of $172.85 per hour for work performed in 2008, $172.24 per hour for 2009, $175.06 per hour for 2010, $180.59 per hour for 2011, and $183.73 per hour for the first half of 2012. Mot. Fees at 6. Defendant does not contest Plaintiff's hourly rates.

#### i. Defendant Does Not Cite Valid Reasons for Reducing Plaintiff's Fee Award

While courts should "generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case," Costa v. Comm'r of Soc. Sec. Admin, 690 F.3d 1132, 1136 (9th Cir. 2012), "a district court will always retain substantial discretion in fixing the amount of an EAJA award." Comm'r, INS v. Jean, 496 U.S. 154, 163 (1990). A reduction of fees greater than 10 percent requires clear, specific, and persuasive reasons from opposing counsel. Moreno, 534 F.3d at 1112, 1116 (allowing no more than a 10-percent "haircut" at the court's discretion). The court may consider various factors, including the novelty of the questions and the skill they require, the experience of the attorney, and whether the prevailing claim is distinct or shares a "common core of facts" with the unsuccessful claims. Hensley, 464 U.S. at 434, 434 n.9, 440. Furthermore, if the reviewing court is unable to identify distinct claims, that weighs against the reasonableness of the fees. See id. at 437; Welch v. Metro Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (affirming a district court's authority to reduce fees on the basis of block billing).

Defendant cites entries between October 12, 2010 through October 27, 2012 totaling 5.9 hours for work done on a motion to strike by counsel and a paralegal. See Mot. Fees at 12, 13. Defendant notes that the EAJA does not allow a plaintiff to receive fees for work performed before a suit has been brought in a court. See Opposition (dkt. 41) at 3-4. However, this is not work done before this action began. The work noted by Defendant was done in a matter before Judge Marilyn H. Patel. See Order Denying MTD (dkt. 20). This

1 Court ruled that the action brought before this Court was a continuation of the matter that had
2 been before Judge Patel. See id. Thus, the work done on the motion to strike is compensable
3 under the EAJA.[2]

### ii. Some Fees Will Be Reduced

Upon submitting the supplemental briefing requested by the Court, Plaintiff added new billable entries, including the reading of Defendant's opposition to the requested fees and the drafting of a response to Defendant's opposition.[3] See Response (dkt. 43) at 4. Plaintiff notes four hours of billed work after Defendant submitted his opposition, three of which were spent on a motion never filed with the Court. Id. These fees are unnecessary in light of the work done previous to Defendant's opposition. Thus, these hours will be reduced from four to zero.

To summarize, Plaintiff requested $12,151.80 in attorneys' fees. However, the time spent after the filing of Defendant's opposition is unnecessary, resulting in a total reduction of $540.00 ($135/hr times four hours). This results in a total fee award of $11,611.80.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court finds that, with the exceptions noted above, Plaintiff's fees were reasonable. Consequently, Plaintiff's Motion for an Award of Attorneys' Fees is GRANTED, as explained above, and this Court awards fees in the amount

//

---

[2] Defendant originally noted three additional problems: (1) a time entry billing for the death of Plaintiff's attorney, (2) double-billing, and (3) a time entry billing for drafting of a motion for summary judgment when no transcript of the closed-record case existed. See Opp'n 3-4. Those problems have been corrected by Plaintiff's supplemental brief. See Response to Order.

[3] Defendant's response to Plaintiff's supplemental response notes that the response was submitted to the Court more than ten hours past the deadline. See Def. Response (dkt. 44) at 2-3. Additionally, Defendant notes that Plaintiff already knew of the mathematical errors and should not have submitted the supplemental response late. Id. Although the Court recognizes these concerns, it forgives Plaintiff's delay.

[4] Defendant notes, and the Court agrees, that the payment of EAJA fees are to be made to Plaintiff, not to her attorneys. See Astrue v. Ratliff, 560 U.S. 586 (2010) ("'[P]revailing party' in attorney's fees statutes is a 'term of art' that refers to the prevailing litigant . . . clearly distinguish[ing] the party who receives the fees award (the litigant) from the attorney who performed the work that generated the fees.").

4

of $11,611.80.

**IT IS SO ORDERED.**

Dated: November 25, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE