IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE MARTEL,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security<br><br>    Defendant. | No. CV 11-02961- CRB<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES** |

In this Social Security case, Plaintiff Natalie Martel seeks attorneys' fees under the Social Security Act, 42 U.S.C. § 406(b)(1)(A). Specifically, Plaintiff moves the Court to compel the Commissioner of Social Security to certify, withhold from Plaintiff, and pay directly to both deceased counsel of record Ian M. Sammis and current counsel of record Robert C. Weems 25% of the total past-due benefits to which Plaintiff is entitled–a sum of $14,114.75. See generally Mot. (dkt. 46).

The retainer agreements between Plaintiff and both Mr. Sammis and Mr. Weems entitle counsel to up to 25% of total past-due benefits following a favorable decision. See Exs. C, D. Subsection 406(b) provides that, following a favorable decision, a court may allow a reasonable attorney's fee for such representation, "not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that,

1  in determining what constitutes a reasonable fee under section 406(b), courts are to give
2  primacy to contingent fee agreements. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-08
3  (2002) (adding that "[w]ithin the 25 percent boundary . . . the attorney for the successful
4  claimant must show that the fee sought is reasonable for the services rendered."). The Ninth
5  Circuit has instructed that in assessing reasonableness in this context, courts are to weigh
6  "the character of the representation and the results the representative achieved." See
7  Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009).

8      The Court finds that the amount sought by Plaintiff's counsel is reasonable.[1] Counsel
9  achieved a fully favorable decision with an onset of SSI disability back to June 22, 2004.
10 See Ex. A. Moreover, the representation here appears to have been both good and efficient.
11 See Mot. at 7 (discussing time and attention spent on case). An award of 25% of past due
12 benefits equates to a rate of only about $187/hour using the loadstar method, a reasonable
13 rate given counsels' experience. Id.

14     The Court notes that Plaintiff characterizes the fee award under subsection 406(b) as
15 "distinct and separate from fees under the Equal Access to Justice Act, 28 U.S.C.
16 § 2412(d)(1)(A)." Id. at 3. While the two sets of fees of course have different bases,
17 Plaintiff fails to mention the relationship between them. As the Commissioner notes, "[t]he
18 amount of section 406(b) fees requested must be reduced by the $11,611.80 in fees this Court
19 already awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412." Response at 2.
20 See Gisbrecht, 535 U.S. at 796 (explaining that the EAJA award "offsets" a 406(b)
21 award–"Fee awards may be made under both prescriptions, but the claimant's attorney must
22 'refun[d] to the claimaint the amount of the smaller fee.").

23     Accordingly, the Court GRANTS Plaintiff's Motion, ordering the Commissioner to
24 pay Plaintiff's counsel $14,114.75, with the understanding that that award will be offset by
25 //
26 //

---

[1] See also Response (dkt. 47) at 2 ("The Commissioner takes no position on whether the gross fee . . . that Counsel requests under the Social Security Act is reasonable under the case law.").

2

the $11,611.80 EAJA award.[2]

**IT IS SO ORDERED.**

Dated: January 30, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] The parties have not informed the Court of whether the EAJA award in this case went to counsel or, as in Boissiere v. Astrue, No. 09-2081, 2011 WL 1045170, at * 2 (N.D. Cal. March 22, 2011), directly to Plaintiff. If the EAJA award did not go to counsel, then an offset is not required, as counsel would not have "received fees for the same work." Id. at *4, 28 U.S.C. § 2412 note.

3